IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br>1750 New York Avenue, N.W.<br>Washington, DC 20006-5387<br><br>               Plaintiff<br><br>   v.<br><br>C & I COATINGS, INC.<br>d/b/a Beckham Painting, Inc.<br>230 South Fenton Avenue<br>Indianapolis, IN 46219<br>and<br>BECKHAM PAINTING, INC.<br>d/b/a C & I Coatings, Inc.<br>230 South Fenton Avenue<br>Indianapolis, IN 46219<br>and<br>TAMMY M BECKHAM, individually and<br>d/b/a C & I Coatings, Inc. and<br>d/b/a Beckham Painting, Inc.<br>230 South Fenton Avenue<br>Indianapolis, IN 46219<br><br>               Defendants | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, by undersigned counsel, complains about Defendants as follows:

### JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132 and 1145.

2.     A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C.

§1132(h).

## VENUE

3. Venue lies in the District of Columbia under 29 U.S.C. §§185(a) or 1132(e)(2).

## PARTIES

4. Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund"), is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee benefit [pension] plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3). The Fund maintains its principal place of business and is administered from an office located at the address in the caption of this Complaint.

5. Defendant C & I Coatings, Inc. d/b/a Beckham Painting, Inc. ("C & I ") is an Indiana corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

6. Defendant Beckham Painting, Inc. d/b/a C & I Coatings, Inc. ("Beckham Painting" and, jointly with C & I, "Companies") is an Indiana corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

7. Defendant, Tammy M. Beckham ("Beckham") is an individual and an officer of both C & I and Beckham Painting with a residence/business office at the address listed in the caption. (Beckham together with C & I and Beckham Painting are jointly referred to as "Defendants").

170229-1
2

## COMMON FACTS

8. At all times relevant to this action, Defendants were party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union").

9. Defendants also signed or agreed to abide by the terms of the agreement and declaration of trust of the Fund ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations and the Pension Fund's rules and regulations as set forth in the International Painters and Allied Trades Industry Pension Plan ("Plan"). A true and correct copy of the Trust Agreement is attached as Exhibit 1 and incorporated by reference. True and correct copies of §§10.07, 10.08, 10.11, and 10.12 of the Plan are attached as Exhibit 2 and incorporated by reference.

10. Under the Labor Contracts, Trust Agreement and Plan, Defendants agreed:

(a) To make full and timely payment on a monthly basis to the Fund, as required by the Labor Contracts, Trust Agreement and Plan. Ex. 1, pp.15-16 (Art.VI, §2); Ex. 2, §10.07.

(b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, p.16 (Art.VI, §§3,5).

(c) To produce, upon request by the Fund, all books and records deemed

necessary to conduct an audit of Defendants' records concerning their obligations to the Fund and to pay the cost of the audit if found to be delinquent or in violation of the Plan. Ex. 1, pp.16-17 (Art.VI, §6).

(d)  To pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Fund to collect any amounts due as a consequence of Defendants' failure to comply with their contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 1, p. 16-17 (Art.VI, §§4,6); Ex. 2, §§10.07, 10.12.

11.  Defendants also agreed to make full and timely payments on a monthly basis to the Political Action Together – Legislative and Educational Committee ("PATLEC"), Political Action Together – Political Committee ("PATPC"), International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("Apprenticeship Fund") and The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (the LMCI, PATLEC, PATPC and Apprenticeship Fund are jointly referred to as "Ancillary Funds") as required by the Labor Contracts and Trust Agreements of the Ancillary Funds.

12.  The Pension Fund is the authorized collection agent for the Ancillary Funds. The Pension Fund and Ancillary Funds are, hereinafter, jointly referred to as "Funds".

13.  On or about April 7, 2005, C & I and Beckham executed an Installment Promissory Note ("Note") in favor of the Fund and Beckham executed a Personal Guarantee obligating her personally to all obligations of C & I in the event of a default by C & I on the Note. True and correct copies of the Note and Personal Guarantee are attached as Exhibits 3 and 4.

170229-1                                        4

14. Beckham, as President of both Companies, has conducted business on behalf of both Companies interchangeably without respect for the distinct corporate entities. Checks from each of the Companies have been used to pay obligations of the other company without respect for each distinct corporate entity. Checks from both Companies have been used to pay fringe benefit contributions due under the Labor Contracts, Trust Agreements, the Plan, the Note and Personal Guarantee.

15. On information and belief, Plaintiff alleges that (1) the officers and management of C & I and Beckham Painting are substantially the same; (2) Beckham Painting operates from the same location as C & I; (3) Beckham Painting is engaged in the same or essentially the same business as C & I serving the same or similar type customers; (4) employees of C & I work for Beckham Painting using the same equipment and serving the same or similar type customers; (5) owners and management of Beckham Painting were aware of and had full knowledge of C & I's obligation to the Funds; and (6) ownership of Beckham Painting and C & I is the same. Based upon these facts and others, Beckham Painting is the alter ego or successor of C & I. Alternatively, and to the extent Beckham Painting and C & I are both actively operating, they constitute a single or joint employer.

## COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PENSION FUND

### v.

### DEFENDANTS

16. The allegations of Paragraphs 1 through 15 are incorporated by reference as if fully restated.

17.  As the alter ego or successor of C & I or, alternatively, as a single or joint employer with C & I, Beckham Painting is bound to the Labor Contract between the Union and C & I and individually, jointly and severally liable for all amounts owed to the Funds under the Labor Contract, Fund documents and applicable law.

18.  On information and belief, Defendants have failed to pay to the Funds amounts due under the Labor Contracts, Trust Agreements, the Plan, the Note and Personal Guarantee from January 2003 to June 2006 in at least the sum of $9,766.69 based upon information presently available to the Funds.

19.  Despite request(s) for payment, Defendants have not paid the Funds as required by the Labor Contracts, Trust Agreements, the Plan, the Note, Personal Guarantee and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)  Declare that Beckham Painting is the alter ego or successor of C & I or, in the alternative, that Beckham Painting and C & I are a single or joint employer but that in any case Beckham Painting is bound to the Labor Contract and liable to the Fund for all amounts owed to date by C & I.

(2)  Enter judgment against Defendants, jointly and severally, in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the sum of $9,766.69 plus any additional amounts revealed by an audit of Defendants' records or which may become due during the pendency of this lawsuit together with late charges, liquidated damages, interest and costs, including the cost of any audit, and reasonable attorneys' fees incurred in this action or the

collection or enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, the Plan, the Note and Personal Guarantee.

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### PENSION FUND

### v.

### DEFENDANTS

20. The allegations of Paragraph 1 through 15 are incorporated by reference as if fully restated.

21. The Note and Personal Guarantee are "agreements" within the meaning of 29 U.S.C. §1145.

22. On information and belief, Defendants have failed to pay to the Funds amounts due under the Labor Contracts, Trust Agreements, the Plan, the Note and Personal Guarantee from January 2003 to June 2006 in at least the sum of $9,766.69 based upon information presently available to the Funds in violation of 29 U.S.C. §1145.

23. Beckham Painting is liable for amounts already owed by C & I and all future obligations under the Labor Contract.

24. Defendants have failed to make the payments despite the Funds' repeated requests for payment.

25. The Funds have been damaged by Defendants' violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks

that the Court:

(1) Declare that Beckham Painting is the alter ego or successor of C & I or, in the alternative, that Beckham Painting and C & I are a single or joint employer but that in any case Beckham Painting is bound to the Labor Contract and liable to the Fund for all amounts owed to date by C & I.

(2) Enter judgment against Defendants, jointly and severally, in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the amount of $9,766.69 plus any additional amounts revealed by an audit of the Companies' records or which may become due during the pendency of this lawsuit together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, Plan, and 29 U.S.C. §1132(g)(2).

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

## PENSION FUND

## v.

## DEFENDANTS

26. The allegations of Paragraphs 1 through 15 are incorporated by reference as if fully restated.

27. The amount of contributions Defendants are required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

28. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendants' delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of Defendants.

29. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

30. An audit of the C & I's books and records performed for the period January 1, 2003 to March 31, 2004 disclosed that, as a result of Defendants' failure to submit complete and full payments for that period and as a result of their continuous failure to do so, the Funds were damaged by Defendants in the amount of $23,308.78. In addition, Defendants owe interest therein in the amount of $1,201.49 calculated in the manner set forth in paragraph 10 of this Complaint and audit costs of $2,058.60 for a total of $26,568.87. Although some payments have been made, an outstanding balance of $9,766.69 remains due and owing. No audit of Defendants' books and records has been performed for the period April 1, 2004 to the present and Defendants have not submitted all of the contractually-required remittance reports or provided all required information (including the detail of hours worked by employees) on reports they have submitted.

31. Defendants are required by the Labor Contracts, Trust Agreements and applicable law to permit the Funds to audit their records, to cooperate in determining the contributions due

the Funds and to pay the cost of the audit if found to be delinquent.

32.   The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the breach requires an audit.

33.   All conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)   Enjoin Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of Defendants and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2)   Order Defendants to pay for an audit by a Certified Public Accountant chosen by the Pension Fund.

(3)   Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PENSION FUND

### v.

### DEFENDANTS

34.   The allegations of Paragraphs 1 through 15 and 26 through 33 are incorporated by reference as if fully restated.

35.   On information and belief, Defendants have failed to make contributions to the Funds as required by the Labor Contracts, the Trust Agreements, the Plan, the Note and Personal

Guarantee in a period not barred by any applicable statute of limitations or similar bar.

36. On information and belief, the Funds have been damaged by the failure of Defendants to make contributions as required by the Labor Contracts, the Trust Agreements, the Plan, the Note, Personal Guarantee and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) After an audit, enter judgment against Defendants, jointly and severally, and in favor of the Fund, for itself and on behalf of the Ancillary Funds, for the amount of contributions found due and owing by an audit together with late charges, liquidated damages, interest and costs, including the cost of the audit, and reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, the Plan, the Note, Personal Guarantee and applicable law.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PENSION FUND

### v.

### DEFENDANTS

37. The allegations of Paragraphs 1 through 15 and 26 through 33 are incorporated by reference as if fully restated.

38. On information and belief, Defendants have failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of

limitations or similar bar.

39. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendants' delinquency since the books, records and information necessary to determine this liability are in the possession, custody, control or knowledge of Defendants.

40. On information and belief, the Funds have been damaged by Defendants' violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) After an audit, enter judgment against Defendants, jointly and severally, in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for the contributions found due and owing by the audit, together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - INJUNCTION

## PENSION FUND

## v.

## DEFENDANTS

41.     The allegations of Paragraphs 1 through 40 are incorporated by reference as if fully restated.

42.     A money judgment or other remedy available at law is inadequate because Defendants have shown their disregard of their contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions and breach of their obligations under the Note and Personal Guarantee.

43.     Unless ordered to do otherwise by this Court, Defendants will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will be irreparably damaged.

44.     All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)     Permanently restrain and enjoin Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement(s) between the Company and the Union (including its affiliated locals and district councils) and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper

information and timely payment of contributions to the Funds for so long as Defendants are contractually-required to do so.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                                      Respectfully submitted,

                                      JENNINGS SIGMOND, P.C.

BY: _____
SHELLEY R. GOLDNER
Bar No. 483329
SANFORD G. ROSENTHAL
Bar No. 478737
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0644/0611
Attorneys for the Fund

Date: July 31, 2006